IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROCKY L. FREEMAN,** | : CIVIL ACTION NO. 1:16-CV-2422 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **UNITED STATES OF AMERICA, JOSEPH LINCALIS, JOHN D. MCCARTHY, STEPHEN L. BRIGHTON, JAMES M. FOX,** | : |
| Defendants | : |

## MEMORANDUM

On December 7, 2016, plaintiff Rocky Freeman ("Freeman"), an inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"), commenced this civil rights action. The matter is proceeding via an amended complaint. (Doc. 45). The amended complaint raises claims pursuant to Bivens[1] and the Federal Tort Claims Act ("FTCA")[2]. (Id.) Named as defendants are the United States of America, Unit Manager Joseph Lincalis, Probation Officer John D. McCarthy, Supervising United States Probation

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The Federal Tort Claims Act allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2674.

Officer Stephen L. Brighton, and Chief United States Probation Officer James M. Fox. (Id.)

Presently before the court is Freeman's motion to compel discovery and for enlargement of time to complete discovery.[3] (Doc. 80). Also before the court is defendants' motion for protective order. (Doc. 88). For the reasons set forth below, the court will deny Freeman's motion without prejudice and grant defendants' motion for protective order.

I. **Factual Background & Procedural History**

In September 1996, Freeman was charged with narcotics conspiracy, two murders, and use of a firearm during and in relation to a crime of violence, in the United States District Court for the Eastern District of New York. (Doc. 45 ¶ 11). Following a jury trial, Freeman was convicted of the narcotics charge, but only one of the two murders.[4] (Id. ¶ 12). During the sentencing phase of his criminal proceedings, Freeman objected to portions of his Presentence Report ("PSR") because he claims it incorrectly contained information about the murder for which he was acquitted. (Id. ¶¶ 13-15). He claims the sentencing court ordered all of the inaccurate information to be stricken from his PSR, but the order was not carried

---

[3] Freeman has filed a request for admissions with the court. (Doc. 81). This filing is not properly before the court and will be stricken from the record. See Local Rule of Court 5.4(b) ("Interrogatories. . . [and] requests for documents . . . and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court. . .").

[4] Freeman was sentenced to two consecutive life terms plus five years' incarceration. (See Doc. 55-1 ¶ 1); see also Freeman v. United States, 2005 WL 1498289, *1 (E.D. N.Y. 2005).

2

out. (Id. ¶ 16). Freeman discovered the alleged error in his PSR in 2016. (Id. ¶ 17). He claims that the information about the second murder in his PSR caused the BOP to elevate his security and custody classifications, and that he was placed in the Special Housing Unit for one year. (Id. ¶¶ 19-21).

On September 19, 2018, the court granted a motion for summary judgment filed on behalf of the United States and defendant Lincalis. (Docs. 64, 65). The court entered judgment in favor of the United States with respect to Freeman's FTCA claim and in favor of defendant Lincalis with respect to the Bivens claim. (Doc. 66). Additionally, defendants McCarthy, Brighton, and Fox were dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Docs. 64, 65). Freeman filed a timely appeal to the United States Court of Appeals for the Third Circuit. (Doc. 67)

On August 9, 2021, the Third Circuit granted the government's unopposed motion for remand with respect to Freeman's claims against the probation office defendants under the Federal Tort Claims Act. (Doc. 70; Freeman v. Unit Manager J. Lincalis, *et al.*, No. 18-3315 (3d Cir. Aug. 9, 2021)). Accordingly, this action was reopened. (Doc. 71).

Thereafter, on March 10, 2022, we issued a scheduling order directing that discovery be completed by May 9, 2022, and dispositive motions be filed by June 8, 2022. (Doc. 74). On April 26, 2022, Freeman served defendants with his first request for production of documents. (Doc. 88-2). On May 9, 2022, the United States Attorney's Office sent a letter to Freeman explaining that his discovery request was untimely because he did not serve his request within sufficient time to allow

3

defendants thirty days to respond. (Doc. 88-3). On May 23, 2022, Freeman filed a motion to compel discovery and for enlargement of time to complete discovery. (Doc. 80). Freeman concedes that his discovery request was untimely. (Id.) Freeman also filed a request for admissions with the court. (Doc. 81). On June 7, 2022, the United States filed a motion to dismiss and/or for summary judgment. (Doc. 82). The United States then filed a motion for protective order wherein they request that the court stay discovery pending resolution of their dispositive motion. (Doc. 88).

## II. <u>Legal Standard</u>

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. <u>Goodman v. Wagner</u>, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . Information within this scope of discovery

need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

This broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery.  FED. R. CIV. P. 26(c).  The district court may defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the pretrial motion does not appear groundless.  See James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005).

### III.  Discussion

In the motion to compel discovery, Freeman concedes that his discovery request was untimely and he requests that the court reopen discovery.  In response, the United States filed a motion for protective order arguing that discovery is untimely and unduly burdensome because Freeman cannot establish a cognizable FTCA claim with respect to the BOP or the United States Probation Office, and that

5

the court lacks jurisdiction over any FTCA claim against the United States Probation Office because Freeman failed to exhaust his available administrative remedies. Hence, defendants request a stay of discovery until after the court's resolution of their motion to dismiss and/or motion for summary judgment. The court agrees only with respect to the merits of defendants' stay request. Because defendants have filed a potentially dispositive motion in this case, we conclude that discovery should be stayed at this time. Nothing set forth herein should be construed as precluding additional time for discovery if we deny defendants' motion.

### IV. Conclusion

The court will deny plaintiff's motion (Doc. 80) to compel discovery and for enlargement of time to complete discovery without prejudice. The court will also grant defendants' motion (Doc. 88) for protective order, and discovery will be stayed pending resolution of the dispositive motion filed in this action.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     June 29, 2022